UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CELESTE P.,

                  Plaintiff,                          **DECISION AND ORDER**

      v.

                                          1:20-CV-01628 EAW
COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____


# <u>INTRODUCTION</u>

Represented by counsel, plaintiff Celeste P. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 9; Dkt. 10), and Plaintiff's reply (Dkt. 11). For the reasons discussed below, Plaintiff's motion (Dkt. 9) is granted to the extent that the matter is remanded for further administrative proceedings and the Commissioner's motion (Dkt. 10) is denied.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on January 11, 2018. (Dkt. 8 at 14, 193-203).[1]  In her applications, Plaintiff alleged disability beginning January 1, 2017.  (*Id.* at 14, 193. 198).  Plaintiff's applications were initially denied on March 13, 2018.  (*Id.* at 14, 99).  At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") William M. Weir on December 13, 2019, in Buffalo, New York.  (*Id.* at 24, 34-59).  On January 24, 2020, the ALJ issued an unfavorable decision.  (*Id.* at 14-28).  Plaintiff requested Appeals Council review; her request was denied on September 17, 2020, making the ALJ's determination the Commissioner's final decision.  (*Id.* at 5-10).  This action followed.

## LEGAL STANDARD

### I.   District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g).  The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence.  42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept

---

[1]      When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted).  It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).  However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act.  *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986).  At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity.  *See* 20 C.F.R. §§ 404.1520(b), 416.920(b).  If so, the claimant is not disabled.  If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities.  *Id*. §§ 404.1520(c), 416.920(c).  If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a

finding of "not disabled."  If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  *Id*. §§ 404.1520(d), 416.920(d).  If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled.  If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments.  *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work.  *Id*. §§ 404.1520(f), 416.920(f).  If the claimant can perform such requirements, then he or she is not disabled.  If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled.  *Id*. §§ 404.1520(g), 416.920(g).   To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience.  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted).

## DISCUSSION

### I.    The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through March 31, 2022. (Dkt. 8 at 17). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since January 1, 2017, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of: degenerative disc disease, degenerative joint disease of the knees, and degenerative joint disease of the left shoulder. (*Id.*). The ALJ further found that Plaintiff's medically determinable impairments of migraines, rheumatoid arthritis, depression, anxiety, and PTSD were non-severe. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 22). The ALJ particularly considered the criteria of Listings 1.02 and 12.00 in reaching his conclusion. (*Id.*).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), with the following additional limitations:

> [Plaintiff] can continuously handle, finger, and feel. She can incidentally (up to 5% of a workday) use ramps and stairs. She can only occasionally reach overhead. She is unable to do work with a production quota.

(*Id.*).  At step four, the ALJ found that Plaintiff was capable of performing past relevant work as a customer service representative.  (*Id.* at 27).  Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act from January 1, 2017, through the date of the ALJ's decision.  (*Id.* at 28).

## II.  **Remand of this Matter for Further Administrative Proceedings is Required**

Plaintiff asks the Court to remand this matter to the Commissioner for further administrative proceedings, arguing that (1) the ALJ failed to comply with the "five-day rule" and further failed to satisfy his affirmative duty to develop the record by failing to accept the opinion of Physician Assistant Stacy Helier, and (2) the Appeals Council failed to properly consider the additional evidence submitted to it by Plaintiff solely because the ALJ rejected it under the five-day rule.  (Dkt. 9-1 at 9-15).  For the reasons set forth below, the Court finds that the ALJ erred by rejecting the opinion evidence offered by P.A. Helier, and this error necessitates remand for further administrative proceedings.

### A.  **The ALJ's Application of the Five-Day Rule**

Plaintiff contends that the ALJ erred in his application of the five-day rule as it pertains to opinion evidence offered by P.A. Helier following the administrative hearing but before the ALJ issued his written determination denying benefits.  (Dkt. 9-1 at 6).  Plaintiff argues that the ALJ should have admitted this evidence because it provided a more detailed functional opinion from a treating provider and the ALJ had an independent obligation to develop the record and consider medical opinion evidence before him.  In response, Defendant contends that P.A. Helier's opinion was not consistent with the record

and the ALJ properly rejected the opinion pursuant to the five-day rule because Plaintiff

failed to demonstrate that an exception to that rule applies.  (Dkt. 10-1 at 7-15).

The regulation at issue ("the five-day rule"), found at 20 C.F.R. §§ 404.935 and

416.1435, states:

> (a) When you submit your request for hearing, you should also submit
> information or evidence as required by § 404.1512 or any summary of the
> evidence to the administrative law judge.  Each party must make every effort
> to ensure that the administrative law judge receives all of the evidence and
> must inform us about or submit any written evidence, as required in
> § 404.1512, no later than 5 business days before the date of the scheduled
> hearing.  If you do not comply with this requirement, the administrative law
> judge may decline to consider or obtain the evidence, unless the
> circumstances described in paragraph (b) of this section apply.
>
> (b) If you have evidence required under § 404.1512 but you have missed the
> deadline described in paragraph (a) of this section, the administrative law
> judge will accept the evidence if he or she has not yet issued a decision and
> you did not inform us about or submit the evidence before the deadline
> because:
>
> > (1) Our action misled you;
> >
> > (2) You had a physical, mental, educational, or linguistic limitation(s)
> > that prevented you from informing us about or submitting the
> > evidence earlier; or
> >
> > (3) Some other unusual, unexpected, or unavoidable circumstance
> > beyond your control prevented you from informing us about or

submitting the evidence earlier.  Examples include, but are not limited to:

(i) You were seriously ill, and your illness prevented you from contacting us in person, in writing, or through a friend, relative, or other person;

(ii) There was a death or serious illness in your immediate family;

(iii) Important records were destroyed or damaged by fire or other accidental cause; or

(iv) You actively and diligently sought evidence from a source and the evidence was not received or was received less than 5 business days prior to the hearing.

*See* 20 C.F.R. §§ 404.935; 416.1435.  "A decision by an ALJ to exclude evidence under this provision is reviewed for abuse of discretion."  *Janet R. v. Comm'r of Soc. Sec.*, No. 1:19-CV-1100 CJS, 2021 WL 1054369, at *5 (W.D.N.Y. Mar. 19, 2021).

As noted, the administrative hearing was held on December 13, 2019.  (Dkt. 8 at 14).  In a November 15, 2019 letter from Plaintiff's counsel to the ALJ regarding her attempts to obtain material evidence in advance of the hearing, no evidence from P.A. Helier was identified.  (*Id.* at 276).  At the hearing, Plaintiff's counsel stated that she did not believe any evidence was outstanding.  (*Id.* at 37).

On January 6, 2020, approximately three weeks after the administrative hearing but before the ALJ issued his written determination, Plaintiff's counsel provided P.A. Helier's physical residual functional capacity questionnaire to the ALJ.  (Dkt. 8 at 14).  In the questionnaire, dated one week earlier on December 30, 2019, P.A. Helier notes that Plaintiff suffers from pain in the right knee; spondylosis without myelopathy or radiculopathy, lumbar; other intervertebral disc degeneration, lumbar region; pain in left

- 8 -

knee; and myalgia unspecified.  (Dkt. 9-3 at 3).  She further noted that Plaintiff's depression

and anxiety affected her physical condition and recommended that Plaintiff follow up with

her psychiatrist to treat her anxiety and depression and obtain a psychological assessment

and pain psychology.  (*Id.* at 4).  P.A. Helier opined that Plaintiff was capable of tolerating

only low stress employment.  (*Id.*).  She opined that Plaintiff could walk one city block

without rest or severe pain, sit for 20 minutes at one time, and stand for 10 minutes at one

time.  (*Id.* at 4-5).  P.A. Helier opined that Plaintiff should sit for four hours total and

stand/walk for about 2 hours in an eight-hour working day.  (*Id.* at 5).  She would need

periods of walking during an eight-hour working day for at least five minutes every half

hour.  (*Id.*).  She needed an ability to shift positions at will and would need to take frequent

five-minute breaks during an eight-hour day.  (*Id*)  She could occasionally lift less than 10

pounds, rarely lift 10 pounds, and never lift 20 to 50 pounds.  (*Id.*).  P.A. Helier indicated

that Plaintiff would likely have "good days" and "bad days" and would be unable to sustain

full-time employment at any exertional level.  (*Id.* at 6).

The ALJ declined to admit the questionnaire from P.A. Helier.  (Dkt. 8 at 14).  The

ALJ explained his consideration of this evidence:

> If the claimant wishes that written evidence be considered at the hearing, then
> the claimant must submit or inform the Administrative Law Judge about the
> evidence no later than five business days before the date of the scheduled
> hearing (20 CFR 404.935(a) and 416.1435(a)).   Pursuant to 20 CFR
> 404.935(b) and 416.1435(b), if the claimant misses this deadline but submits
> or informs the Administrative Law Judge about written evidence before the
> hearing decision is issued, I will accept the evidence if: (1) an action of the
> Social Security Administration misled the claimant; (2) the claimant had a
> physical, mental, educational, or linguistic limitation(s) that prevented
> submitting or informing the Administrative Law Judge about the evidence
> earlier, or (3) some other unusual, unexpected, or unavoidable circumstance

beyond the claimant's control prevented the claimant from submitting or informing the Administrative Law Judge about the evidence earlier.

The claimant submitted or informed the Administrative Law Judge about additional written evidence less than five business days before the scheduled hearing date. I decline to admit this evidence because the requirements of 20 CFR 404.935(b) and 416.1435(b) are not met. On January 6, 2020, the claimant's attorney submitted a physical residual functional capacity questionnaire completed by Stacy Helier, PA. However, the attorney did not inform the undersigned of this evidence in her November 15, 2019 letter regarding outstanding evidence (see B11E) or at any time prior to the hearing. In addition, the attorney did not provide any explanation or argument with her submission indicating that the delay was due to an action by the Social Security Administration that misled her, the claimant's physical, mental, educational, or linguistic limitations, or some unexpected or unavoidable circumstance beyond the claimant's control. Therefore, the requirements of 20 CFR 404.935(b) and 416.1435(b) are not met and the evidence is not admitted.

(*Id.* at 14-15).

The ALJ faults Plaintiff's attorney for not informing him of the RFC questionnaire in her November 15, 2019 letter or five days prior to the administrative hearing but as noted, the evidence from P.A. Helier did not even exist at that time. P.A. Helier completed the questionnaire on December 30, 2019, making identification of the opinion in November of 2019 or submission of this opinion to the ALJ in accordance with the requirements of the five-day rule not feasible. While the fact that the opinion did not exist at the time of the hearing may not alone suffice to establish an "unexpected or unavoidable circumstance" beyond Plaintiff's control, the ALJ's explanation did not acknowledge the date that the opinion was offered or make clear that he considered the time of its creation before rejecting the submission. *See Hamedallah ex rel. E.B. v. Astrue*, 876 F. Supp. 2d 133, 142 (N.D.N.Y. 2012) ("The ALJ . . . must build an accurate and logical bridge from

the evidence to his conclusion to enable a meaningful review." (quotation and alteration omitted)).

Given the specific facts of this case, remand is appropriate so that the ALJ may consider the opinion evidence offered by P.A. Helier.  Although Plaintiff's counsel stated at the administrative hearing that she did not believe any other evidence was outstanding and apart from the five-day rule, the ALJ has an independent duty to develop the administrative record to adequately determine a claimant's RFC.  *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996) ("Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record."); *see also Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011) (noting that the ALJ must "investigate and develop the facts and develop the arguments both for and against the granting of benefits" (quotation and citation omitted)); *Timothy B. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01668 EAW, 2022 WL 303792, at *4 (W.D.N.Y. Feb. 2, 2022) (holding that an ALJ has a duty independent of Plaintiff's counsel to investigate and develop the record); *Cancel v. Colvin*, 14-cv-2034 (PKC), 2015 WL 865479, at *5 (S.D.N.Y. Mar. 2, 2015) ("It is somewhat troubling that [the plaintiff's] counsel at the 2012 hearing failed to bring these deficiencies in the medical record to the ALJ's attention; counsel is thus at least partly responsible for the ALJ's error.  Nevertheless, the law is clear that an ALJ's duty to develop the record exists irrespective of whether the claimant is represented."); *but see Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999) ("[W]here there are no obvious gaps in the administrative record, and where the ALJ already possesses

a complete medical history, the ALJ is under no obligation to seek additional information. . . .") (internal quotation marks and citation omitted)).

The Court notes that the questionnaire completed by P.A. Helier was not only the sole opinion in the record from a treating provider and the most restrictive, but it speaks directly to Plaintiff's mental and physical functional limitations. The only other opinion evidence considered by the ALJ was a consulting psychiatric evaluation completed on February 20, 2018, by Janine Ippolito, Psy.D. (Dkt. 8 at 414-19), a consulting internal medicine examination on the same date by Hongbiao Liu, M.D. (*id.* at 420-25), and March 12, 2018 administrative findings of state agency medical consultant, D. Miller, D.O. (*id.* at 74-98). As to the physical opinion evidence, the ALJ found Dr. Liu's opinion that Plaintiff has mild to moderate limitation for prolonged walking and overhead reaching to be partially persuasive, but his opinion that she had mild to moderate limitations with bending and kneeling unpersuasive. (Dkt. 8 and 26-27). The ALJ found Dr. Miller's opinion that Plaintiff could perform light work unpersuasive. (*Id.* at 27).

While the Court does not discount the ALJ's entitlement to deference in admitting evidence in proceedings before him and the overall importance of adherence to deadlines, the information contained in P.A. Helier's questionnaire specifically supports the severity of Plaintiff's limitations and potentially contradicts portions of the ALJ's reasoning, highlighting its importance to the ALJ's RFC analysis. To be sure, the Court is not making a finding that the inclusion of P.A. Helier's opinion in the administrative record will ultimately establish Plaintiff's disability, but rather, that the ALJ's determination was made without the benefit of this evidence and it should have been addressed in rendering a

decision on whether Plaintiff's limitations prevented her from engaging in competitive employment, particularly where the evidence did not exist prior to the hearing.[2]

Accordingly, even if the ALJ did not abuse his discretion in refusing to admit the opinion pursuant to the five-day rule, it was error to refuse to consider it in violation of the ALJ's affirmative duty to develop the administrative record. *Shackleford v. Saul*, No. 3:19-CV-01278-TOF, 2020 WL 3888037, at *6 (D. Conn. July 10, 2020) ("The five-day rule does not eliminate the ALJ's duty to develop the record and the agency did not change its longstanding policy of assisting claimants in developing the record. . . . Most courts emphasize this concurrent obligation in evaluating challenges to an ALJ's decision to reject

---

[2]     Defendant correctly notes that pursuant to recent amendments to the Social Security regulations related to the evaluation of medical evidence for disability claims filed after March 27, 2017, an ALJ is no longer required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920(c). Instead, the regulations provide that the ALJ "will articulate in [his or her] determination or decision how persuasive [he or she] find[s] all of the medical opinions and all prior administrative medical findings" in claimant's record based on the following five factors: supportability; consistency; relationship with the claimant; specialization; and other factors. *Id*. §§ 404.1520c(b) & (c); 416.920(b) & (c). The source of the opinion is not the most important factor in evaluating its persuasive value, but rather, the most important factors in evaluating persuasiveness are supportability and consistency. *Id.* §§ 404.1520c(b)(2); 416.920c(b)(2). But "[a]lthough the new regulations eliminate the perceived hierarchy of medical sources, deference to specific medical opinions, and assigning 'weight' to a medical opinion, the ALJ must still articulate how [he or she] considered the medical opinions and how persuasive [he or she] find[s] all of the medical opinions." *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 8 (W.D.N.Y. 2021). Accordingly, here, while not controlling, the foundational nature of P.A. Helier's opinion was still a factor to be considered and assessed by the ALJ and any criticisms as to her opinion's probative value amount to impermissible *post hoc* rationalizations. *See Otis W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01241 EAW, 2022 WL 2114797, at *3 n.2 (W.D.N.Y. June 13, 2022) ("However, the ALJ did not discuss or rely on these findings in assessing Plaintiff's claims of memory impairment, and it is not the function of this Court to create a *post hoc* rationale for the ALJ's determinations.").

evidence based on the five-day rule."); *MacGregor v. Comm'r of Soc. Sec.*, No. 19-CV-650-LJV, 2020 WL 5814376, at *3 (W.D.N.Y. Sept. 30, 2020) ("Moreover, aside from the five-day rule, the ALJ was on notice of a gap in the record and made no effort to fill it."). Recent medical opinion evidence supporting Plaintiff's allegations of disability from a treating medical provider produced to the ALJ within one week of its creation and prior to the issuance of his decision warranted consideration.  Given these facts, the ALJ should have admitted and considered the RFC questionnaire submitted by P.A. Helier.

**B.**   **Plaintiff's Remaining Arguments**

As set forth above, Plaintiff has identified an additional reason why she contends the ALJ's decision was not supported by substantial evidence.  However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach any additional issues.  *See, e.g., Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted); *Morales v. Colvin*, No. 13cv06844 (LGS) (DF), 2015 WL 13774790, at *23 (S.D.N.Y. Feb. 10, 2015) (the court need not reach additional arguments regarding the ALJ's factual determinations "given that the ALJ's analysis may change on these points upon remand"), *adopted*, 2015 WL 2137776 (S.D.N.Y. May 4, 2015).

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Dkt. 9) is granted to the extent that the matter is remanded for further administrative proceedings. Defendant's motion for judgment on the pleadings (Dkt. 10) is denied.  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 8, 2022
       Rochester, New York